IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN H. TAYLOR, #139-512,       *
       Petitioner

                                     *

   v.                        CIVIL ACTION NO. JFM-07-349

                                     *

UNITED STATES OF AMERICA,
       Respondent          *

                              ******

### **MEMORANDUM**

On February 8, 2007, John H. Taylor, a Maryland Division of Correction inmate, filed

what has been construed as Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Paper No. 1.   Mr. Taylor seeks federal habeas corpus relief regarding his state court conviction.[1]

 For the reasons set out herein, the court concludes that the pending application for habeas

corpus relief must be dismissed without prejudice at this time.

On August 27, 1996, petitioner filed his first federal habeas corpus application

concerning his state court conviction.  On March 4, 1997, the petition was denied.  *See Taylor v.*

*Corcoran*, Civil Action No. JFM-96-2687 (D. Md. 1996).  Under the Antiterrorism and Effective

Death Penalty Act of 1996, petitioner may file a second or successive habeas corpus petition

only if he has moved the appropriate circuit court for an order authorizing the district court to

consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th

Cir.) (2000).  The pending application is beyond doubt a second and successive one which

petitioner has filed in this court.

Before this court may consider the pending petition, the United States Court of Appeals

---

[1]Petitioner states that the first decision denying his initial habeas corpus petition, which alleged that the advisory jury instructions given by the state trial court were unconstitutional, was without merit. Paper No. 1. Petitioner further states that subsequent to the dismissal of his first habeas case, courts have held that advisory jury instructions are unconstitutional. *Id.*

for the Fourth Circuit must enter an order authorizing this court to consider Mr. Taylor's application for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  Petitioner has not complied with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly the petition shall be dismissed.  A separate Order shall be entered reflecting the ruling set out herein.

  February 28, 2007                              /s/
       Date                                      J. Frederick Motz
                                                 United States District Court Judge

---

[2]          28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."